IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>*v.*<br><br>STANLEY J. KOWALEWSKI | Criminal Action No.<br><br>2:13-CR-045-RWS-JCF |

### UNITED STATES' NOTICE OF INTENT TO USE EVIDENCE UNDER FED. R. EVID. 404(b)

Please take notice that the government may seek to introduce at trial the evidence described below which may be offered as inextricably intertwined with the crimes charged and under theories other than those embodied in Federal Rule of Evidence 404(b). If the evidence is not other admissible, however, its admission will be sought under Rule 404(b).

1. Defendant Stanley J. Kowalewski's obstruction of the SEC proceedings continued after the SEC brought the civil action against him on January 6, 2011. *See SEC v. Kowalewski*, No. 1:11-CV-00056-TCB. On January 6, 2011, Judge Batten entered an order freezing all assets under Kowalewski's control. In violation of that order, on January 7, 2011, Kowalewski wrote a counter check for $100,000 on his personal account to purchase a $100,000 cashier's check. Kowalewski endorsed the check to his wife who then deposited it into an account at a Wachovia branch. Several days later, Kowalewski persuaded the co-owner of a

business in which the SJK Special Opportunities Fund had invested to deliver two cashier's checks to Kowalewski, which he provided to attorneys.

On May 10, 2011, Kowalewski sent an email to investors that was false and designed to lull them into believing that the assets held by the Special Opportunities Fund were more valuable than they truly were. This email is not only evidence of the fraud charged in the indictment, but also violated Judge Batten's order that enjoined Kowalewski from violating the anti-fraud provisions of the securities laws.

On May 16, 2011, Judge Batten found that Kowalewski was in contempt of the Court's January 6, 2011 order freezing assets.

In August 2011, Kowalewski violated the order again. He canceled the homeowner's insurance on his residence at 5802 Henson Farm Road, in Summerfield, North Carolina, effective August 24, 2011. Kowalewski then held several "estate sales" at the property. As part of those sales, he removed numerous items that are customarily thought to belong with the real estate, including 45 light fixtures, kitchen cabinets, 31 doors, exterior lighting, expensive kitchen appliances (including refrigerators, stoves, and ovens), bathroom vanities, and sinks. On September 29, 2011, Judge Batten found that Kowalewski was in "willful contempt" of the Court's orders.

2. On or about January 4, 2011, Kowalewski submitted a Personal Financial Statement to First-Citizens Bank & Trust Company in which he valued KSTSO Holdings at $80,000,000.

3. In or about April 2015, Kowalewski lied to an investor named L.L. to obtain $1 million which he then used to buy a personal home at the beach in South Carolina. Kowalewski told L.L. that he needed $1 million by April 30, 2015 for his company, Global Remediation Solutions, to purchase a company named Pureous. Kowalewski stated that he would pay L.L. the loan back by May 30, 2015. Based on these representations, L.L. loaned $1 million on April 30, 2015. Later that same day, Kowalewski transferred $900,000 from the Global Remediation Solutions account to an account held in the name of Mollis Group, LLC, a holding company which listed his mother-in-law as the registered agent. On May 1, 2015, the Mollis Group purchased a home in Pawleys Island for $905,000 in cash. Kowalewski and his family live in the home. In June 2015, the home was transferred to Kowalewski's wife's name.

4. Kowalewski has defrauded investors in Global Remediation Solutions. He promised to pay dividends to investors, but has never done so. On July 30, 2015, Kowalewski sent an email promising distributions in August and misrepresenting that the company had entered into numerous multi-million contracts in the United States and throughout the world. Kowalewski failed to make the August distributions as promised, and Global Remediation Solutions has not entered into the contracts as represented. Kowalewski has sent emails to lull the Global Remediation Solutions investors into believing that the company had worldwide deals, substantial revenue, and impending profits that will save

the investors.  In truth, Kowalewski spent the investors' money on personal items and other expenses, not on capital costs as represented to investors, and his representations about the company and its lucrative business were false.

The acts described above are similar in fact to the case before this Court and bear on issues of knowledge, intent, opportunity, preparation, plan, modus operandi, identity, and absence of mistake or accident regarding the offenses charged in the indictment.

The government intends to submit this evidence during the government's case-in chief, in cross examination during the Defendant's case, and/or in rebuttal.

          Respectfully submitted,

          JOHN A. HORN
            *United States Attorney*

          /s/ STEPHEN H. MCCLAIN
            *Assistant United States Attorney*
          Georgia Bar No. 143186
          (404) 581-6288

          /s/J. RUSSELL PHILLIPS
            *Assistant United States Attorney*
          Georgia Bar No. 576335
          (404) 581-6239

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

October 5, 2015

/s/ STEPHEN H. MCCLAIN

STEPHEN H. MCCLAIN

*Assistant United States Attorney*