# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : |
| v. | : |
| | : CRIMINAL ACTION NO. |
| STANLEY J. KOWALEWSKI and | : 2:13-CR-45-RWS |
| ELIZABETH P. WOOD, | : |
| | : |
| Defendants. | : |

## ORDER

This case comes before the Court on Defendant Elizabeth Wood's Motion to Suppress Statements [93] and Defendant Stanley Kowalewski's Motion to Sever [119] and Motion to Continue Trial [123]. After reviewing the record, the Court enters the following Order.

**I.   Motion to Suppress Statements [93]**

Ms. Wood now moves to suppress statements she made during an interview with law enforcement on or about December 18, 2012. (Dkt. [93] at 1-2.) At the pre-trial conference held on October 13, 2015, the Government indicated that it was willing to redact the statements at issue, which would remove the basis for Ms. Wood's motion. Based on this representation, and

contingent on the submission and approval of such redactions, Ms. Wood's Motion to Suppress Statements [93] is **DENIED**.

## II.     Motion to Sever [119]

In his Motion to Sever [119], Mr. Kowalewski seeks trial separate from Ms. Wood, arguing that the introduction of Ms. Wood's statements to law enforcement would violate his Sixth Amendment rights if Ms. Wood did not take the stand. (Dkt. [119] at 5.)

Federal Rule of Criminal Procedure ("Rule") 14(a) governs severance, and states the following:

> If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). This rule "requires the district court to balance the right of defendants to a fair trial, absent the prejudice inherent in a joint trial, against the interests of judicial economy and efficiency." U.S. v. Gonzalez, 804 F.2d 691, 694 (11th Cir. 1986) (citing U.S. v. Hewes, 729 F.2d 1302, 1318 (11th Cir. 1984)). Accordingly, a decision to sever is a matter within the district court's discretion. See U.S. v. Blankenship, 382 F.3d 1110, 1120 (11th Cir.

2

2004).

The primary concern is whether a joint trial would create prejudice. See FED. R. CRIM. P. 14(a). One important circumstance where prejudice may occur is when co-defendants assert mutually antagonistic defenses. See U.S. v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009); U.S. v. Gonzalez, 804 F.2d 691, 695 (11th Cir. 1986). Such defenses are not prejudicial *per se*, but if prejudice is shown, Rule 14 "leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro v. U.S., 506 U.S. 534, 539 (1993).

Based on the Court's ex parte communications with the parties during the pre-trial conference, the Court finds that trying Mr. Kowalewski and Ms. Woods in a single trial would create sufficient prejudice to warrant severance. Accordingly, Mr. Kowalewski's Motion to Sever [119] is **GRANTED**. Mr. Kowalewski will proceed to trial, as scheduled, beginning on October 26, 2015, with Ms. Woods' trial to follow at a later time.

### III.   Motion to Continue Trial [123]

Mr. Kowalewski also argues that the Court should grant a continuance in this case because he needs additional time to prepare for trial. The Court is not inclined to grant this continuance, however, because trial was already

3

continued once, nearly five months ago. (See Dkt. [114].) Mr. Kowalewski has had adequate time since that continuance to prepare for trial, and the circumstances surrounding his recent arrest do not warrant additional time. Accordingly, Mr. Kowalewski's Motion to Continue Trial [123] is **DENIED**.

**SO ORDERED** this _14th_ day of October, 2015.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)