IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| v. | 2:13-CR-045-RWS-JCF |
| STANLEY KOWALEWSKI | |

## SECOND MOTION TO WITHDRAW AS COUNSEL
## AND FOR APPOINTMENT OF SUBSTITUTE COUNSEL
## AND TO CONTINUE SENTENCING

COMES NOW Undersigned Counsel and hereby files this Motion, asking the Honorable Court to allow Counsel to withdraw as counsel, to appoint substitute counsel, and to continue the sentencing to allow substitute counsel time to prepare.  In support thereof, Mr. Kowalewski shows the following:

1.

Mr. Kowalewski continues to be dissatisfied with his counsel, Victoria Calvert and Millie Dunn of the Federal Defender Program, Inc.,  and would like the Court to hold an *ex parte* hearing wherein Defendant can freely speak and inform the Court of his basis therefore.  Mr. Kowalewski requests that substitute counsel be appointed to represent him as he is indigent.  He also

requests that his sentencing be postponed in order to allow new counsel preparation time.

### 2.

Counsel believes that a conflict has developed, communications have completely broken down, that Mr. Kowalewski has lost trust in counsel, does not believe that counsel has his best interests at heart, and that Mr. Kowalewski would greatly benefit from the appointment of substitute counsel. Counsel would be glad to answer any of the Court's questions regarding this issue at an *ex parte* hearing.

### 3.

Indigent criminal defendants ordinarily "must either accept the counsel appointed to represent them or represent themselves." *United States v. Garey*, 540 F.3d 1253, 1263–64 (11th Cir.2008) (*en banc*). However, upon a showing of good cause, an indigent defendant may receive substitute appointed counsel. *Id.* at 1263. "Good cause in this context means a fundamental problem, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict." *Id.* (quotation marks omitted), *see also, United States v. Calderon,* 127 F.3d 1314, 1343 (11th Cir.1997) (relevant question is "whether

the conflict was so great that it resulted in a total lack of communication between the defendant and his counsel thereby preventing an adequate defense."

4.

Therefore, counsel moves to withdraw and Defendant requests that substitute counsel be appointed to represent him.

CONCLUSION

Thus, on behalf of Mr. Kowalewski, counsel asks this Honorable Court to allow counsel to withdraw as counsel because of the breakdown in communication, and requests that the Court appoint substitute counsel to assist Mr. Kowalewski at sentencing.

Dated:  This 22nd day of March, 2016.

Respectfully Submitted,

*/s/ Mildred Geckler Dunn*
MILDRED GECKLER DUNN
GEORGIA BAR NO. 323373
ATTORNEY FOR STANLEY KOWALEWSKI

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530; Fax: (404) 688-0768
Millie_Dunn@fd.org

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.

STANLEY KOWALEWSKI

CRIMINAL ACTION NO.
2:13-CR-045-RWS-JCF

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion has been formatted in Times New Roman, 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

John Russell Phillips
Stephen H. McClain
Assistant United States Attorneys
Suite 600, Richard B. Russell Building
75 Spring Street, S.W.
Atlanta, Georgia 30303

Dated:  This 22nd day of March, 2016.

/s/ Mildred Geckler Dunn
MILDRED GECKLER DUNN
GEORGIA BAR NO. 323373
ATTORNEY FOR STANLEY KOWALEWSKI